UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:11-cr-138-TJC-JRK

JESUS TIJERINA GARZA  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

_____

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

   ☒ FACTORS CONSIDERED

Defendant Jesus Tijerina Garza is a 63-year-old inmate incarcerated at Beaumont Medium FCI, serving a 365-month term of imprisonment for conspiracy to distribute five kilograms or more of cocaine. (Doc. 293, Judgment; Doc. 458, Order Reducing Sentence).[1] According to the Bureau of Prisons

---

[1] The Court originally sentenced Defendant to a term of 480 months in prison. On July 8, 2021, the Court reduced his term of imprisonment to 365 months under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

(BOP), he is scheduled to be released from prison on May 16, 2037. Defendant seeks compassionate release based on the Covid-19 pandemic, the BOP's allegedly inadequate response to the virus, his age, and unspecified health conditions. (Doc. 459, Motion for Compassionate Release). According to Defendant's medical records, he has diabetes, high cholesterol, hypertension, obesity, and hypertensive heart disease with heart failure.[2] (Doc. 459-1 at 17). The medical records also reflect that Defendant contracted and recovered from Covid-19 in January 2021. (Id. at 12). The United States opposes the Motion, pointing out that Defendant has been fully vaccinated against Covid-19. (Doc. 461; Doc. 461-1). Defendant filed a reply. (Doc. 464).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[2]  According to the National Institute of Health, "[h]eart failure does not mean that [the] heart has stopped or is about to stop working. It means that [the] heart is not able to pump blood the way it should." https://medlineplus.gov/heartfailure.html.

2

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. There is no evidence that Defendant's medical conditions are terminal or that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. 1(A). Because Defendant is 63 years old, he also does not satisfy the criteria for establishing extraordinary and compelling circumstances under the policy statement's advanced-age provision, § 1B1.13, cmt. 1(B).

As for Covid-19, according to the Centers for Disease Control (CDC), certain underlying conditions can increase the risk of severe complications from a Covid-19 infection.³ Defendant has several such conditions, including heart disease, obesity, and diabetes. (Doc. 459-1 at 17). Nevertheless, Defendant contracted Covid-19 in January 2021 and recovered without complication. (Id. at 3, 12). According to Defendant's medical records: "The inmate is not severely immunocompromised and did not have a severe illness requiring hospitalization." (Id. at 12). The Tenth Circuit Court of Appeals observes that "prior infection and recovery from COVID-19 would presumably weigh against a finding of extraordinary and compelling reasons." United States v. Hald, 8 F.4th 932, 939 n.5 (10th Cir. 2021) (citing United States v. Neal, No. CR 11–28, 2020 WL 4334792, at *1 (E.D. La. July 28, 2020) (collecting other district court cases)).

Moreover, Defendant has since (wisely) accepted both doses of the Moderna Covid-19 vaccine. (Doc. 461-1). According to the available data, the Covid-19 vaccines are highly effective at preventing death or serious illness from Covid-19, including against emerging variants. In addition, recent data suggests that "hybrid immunity" – a combination of natural immunity following recovery from a Covid-19 infection plus immunity from a vaccine –

---

³ https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

4

provides especially robust protection, which surpasses the protection provided by prior infection or vaccination alone.[4] Because Defendant is fully vaccinated against Covid-19 – if he does not have hybrid immunity as well – he cannot show extraordinary and compelling reasons for a sentence reduction based on Covid-19. As the Seventh Circuit Court of Appeals recently observed:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) ("[P]risoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release.").

In any event, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted for his role in a major cocaine-trafficking conspiracy, which involved the transportation of hundreds of kilograms of cocaine from Mexico, through southern Texas, to Ocala and Jacksonville, Florida. (Presentence Investigation Report [PSR] ¶¶ 4–35). The Court determined that

---

[4] https://www.nbcnews.com/health/health-news/hybrid-immunity-people-covid-still-get-vaccinated-rcna1974.

Defendant was accountable for at least 150 kilograms of cocaine. (Id. ¶ 41). Defendant received guidelines enhancements because he possessed two firearms during the offense and because he played a managerial or supervisory role in the conspiracy. (Id. ¶¶ 42, 44).

Defendant's sentencing guidelines range, following the application of Amendment 782, is 292 to 365 months in prison, based on a total offense level of 39 and a Criminal History Category of II. (Doc. 411, Amendment 782 Memorandum at ECF p. 1). On July 8, 2021, the Court reduced Defendant's sentence from 480 months in prison to 365 months based on Amendment 782. (Doc. 458). To date, Defendant has served approximately 124 months of his 365-month sentence, dating from his arrest on June 17, 2011. (See PSR p. 1). Reducing Defendant's sentence to 124 months would fail to reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence. In view of all the applicable § 3553(a) factors, further reducing Defendant's sentence is not warranted at this time.

Accordingly, Defendant Jesus Tijerina Garza's Motion for Compassionate Release (Doc. 461) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of October, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

6

lc 19

Copies:
Counsel of record
Defendant